11-337-ag
Kuncoro v. Holder
BIA
Van Wyke, IJ
A099 073 432

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
>ROGER J. MINER,
>ROBERT D. SACK,
>PETER W. HALL,
>>*Circuit Judges.*

_____

BAMBANG KUNCORO,
>*Petitioner,*

>>v.                                    11-337-ag
>>                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Corey L. Farrell, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bambang Kuncoro, a native and citizen of Indonesia, seeks review of a December 30, 2010, order of the BIA, affirming the January 14, 2009, decision of Immigration Judge ("IJ") William P. Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bambang Kuncoro*, No. A099 073 432 (B.I.A. Dec. 30, 2010), *aff'g* No. A099 073 432 (Immig. Ct. N.Y. City Jan. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Kuncoro's sole argument is that the agency erred by applying the incorrect standard in assessing his pattern or practice claim. In order to show a pattern or practice of persecution, the threat of harm must be systemic, pervasive, or organized. *See Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007) (discussing *In re A-—*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005)). Accordingly, in determining that persecution of ethnic Chinese Christians in Indonesia was not "on a wide enough scale" to constitute a pattern or practice of persecution, the agency applied the correct standard*. See id.* Although the agency did not explicitly state the precise standard in its decision rejecting Kuncoro's pattern or practice claim, it was not required to do so. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

We decline Kuncoro's invitation to remand this case to the agency for a more precise statement of its pattern or practice standard*.* While we have encouraged the agency to elaborate upon the standard it has applied in analyzing such claims, *see Mufied*, 508 F.3d at 89*,* where, as here, "the BIA explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding

3

the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous[,]" *Santoso*, 580 F.3d at 111 n.1. However, although we are able to reach the merits of Kuncoro's pattern or practice claim, we decline to do so here, because he challenges only the application of the standard and not the agency's determination that the evidence shows no pattern or practice of persecution of ethnic Chinese Christians in Indonesia. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4